UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| STEVEN M. SCALISE, | * | |
| | * | |
| PLAINTIFF, | * | CIVIL ACTION NO. 2:22-cv-00436 |
| | * | |
| VERSUS | * | |
| | * | |
| BP EXPLORATION & PRODUCTION INC. and BP AMERICA PRODUCTION COMPANY, | * | JUDGE BARBIER |
| | * | |
| | * | MAGISTRATE |
| DEFENDANTS. | * | JUDGE CURRAULT |
| | * | |
| Related to:  12-968 BELO | * | |
| in MDL No. 2179 | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## THE BP PARTIES' ANSWER TO PLAINTIFF'S COMPLAINT

Defendants BP Exploration & Production Inc. ("BPXP") and BP America Production Company ("BPAP") (collectively, the "BP Parties") hereby answer Plaintiff's Complaint as follows:

## INTRODUCTION

1.      Upon information and belief, the BP Parties admit that Plaintiff is a natural person of the age of majority. The BP Parties lack knowledge or information sufficient to form a belief about the remaining allegations of this paragraph, and therefore deny them.

2.      Upon information and belief, the BP Parties admit that Plaintiff performed clean-up work during some portion of the time period alleged. The BP Parties lack knowledge or information sufficient to form a belief about the remaining allegations of this paragraph, and therefore deny them.

3.      The BP Parties admit that BPXP and BPAP are Delaware corporations with their principal places of business in Houston, Texas.  The MSA speaks for itself.  The BP Parties state

1

that the remaining allegations of this paragraph state legal conclusions to which no response is required.

## JURISDICTION

4.     The BP Parties admit that Plaintiff brings a Back-End Litigation Option ("BELO") lawsuit.  The BP Parties lack knowledge or information sufficient to form a belief about the remaining allegations of this paragraph, and, therefore deny those allegations.

5.     The BP Parties state that this paragraph states legal conclusions to which no response is required. To the extent that a response is required, the BP Parties deny the allegations of this paragraph.

6.     The BP Parties state that this paragraph states legal conclusions to which no response is required.  To the extent a response is required, the BP Parties admit that Plaintiff's claims sound in maritime law.

7.     The BP Parties state that this paragraph states legal conclusions to which no response is required.  The BP Parties lack knowledge or information sufficient to form a belief about the remaining allegations of this paragraph, and therefore deny them.

8.     The BP Parties state that this paragraph states legal conclusions to which no response is required.

9.     The BP Parties admit that the MSA requires all BELO actions to be initially filed in the Eastern District of Louisiana and that BELO actions may be subsequently transferred to another District.

10.     The BP Parties admit that BPXP and BPAP are Delaware corporations with their principal places of business in Houston, Texas.  The BP Parties state that the remaining allegations of this paragraph state legal conclusions to which no response is required.

2

11.     The BP Parties state that this paragraph states legal conclusions to which no response is required.  To the extent that a response is required, the BP Parties lack sufficient information and therefore deny the allegations of this paragraph.

12.     Proper venue is determined by weighing a number of factors, including the convenience of the parties and witnesses and the interests of justice.  28 U.S.C. § 1404(a); *see In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) (en banc).  The BP Parties expect to obtain information concerning these factors through initial disclosures and documents to be provided by Plaintiff in this action.  Pursuant to the CMO, and based upon available information and belief, the BP Parties submit that venue would be proper in the United States District Court for the Eastern District of Virginia.  The BP Parties reserve the right to specify a different District at a later date in light of the information provided by Plaintiff or any other information obtained in discovery.  The BP Parties lack knowledge or information sufficient to form a belief about the remaining allegations of this paragraph, and therefore deny them.

## **GENERAL FACTS**

13.     The BP Parties admit that exploratory wells at the Macondo prospect site were drilled by the vessel *Deepwater Horizon*.  The BP Parties further admit that the Macondo prospect site is located on the Outer Continental Shelf off of the coast of Louisiana.  The BP Parties further admit that there was a loss of control of the well being drilled by the *Deepwater Horizon*, resulting in one or more fires and explosions on board.

14.     The BP Parties admit that one or more fires and explosions on board the *Deepwater Horizon* occurred on April 20, 2010.

15.     The BP Parties deny the allegations of this paragraph.

16.     The BP Parties deny the allegations of this paragraph.

17.     The BP Parties admit that crude oil and hydrocarbons were released following the explosion.

18.     The BP Parties deny the allegations of this paragraph.

19.     The BP Parties deny the allegations of this paragraph.

20.     The BP Parties admit that BPXP participated in the response to the Incident with the approval of and under the direction of the Unified Command.  The BP Parties deny the remaining allegations of this paragraph.

21.     The BP Parties admit that dispersants were approved for use in the Response by the Unified Command.  The BP Parties deny the remaining allegations of this paragraph.

22.     The BP Parties deny the allegations of this paragraph.

23.     The BP Parties state that this paragraph states a legal conclusion to which no response is required.  To the extent that this paragraph purports to characterize the Medical Benefits Class Action Settlement Agreement, that document speaks for itself.  To the extent that a response is required, the BP Parties deny the allegations of this paragraph.

24.     The BP Parties state that this paragraph states a legal conclusion to which no response is required.  To the extent a response is required, the BP Parties incorporate by reference and adopt as if set forth herein the BP Parties' Answer to Plaintiffs' Medical Class Action Complaint, *In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010*, in the United States District Court for the Eastern District of Louisiana, MDL No. 2179, Dkt No. 6454.

## CAUSE OF ACTION

25.     Upon information and belief, the BP Parties admit that Plaintiff performed clean-up work. Upon information and belief, the BP Parties further admit that Plaintiff was employed

4

by third party U.S. Coast Guard during this time period.

26.     The BP Parties state that this paragraph states a legal conclusion to which no response is required.  To the extent that this paragraph purports to characterize the Medical Benefits Class Action Settlement Agreement, that document speaks for itself.  To the extent that a response is required, the BP Parties deny the allegations of this paragraph.

27.     The BP Parties lack knowledge or information sufficient to form a belief about the allegations of this paragraph, and therefore deny them.

28.     The BP Parties state that this paragraph states legal conclusions to which no response is required.  The BP Parties lack knowledge or information sufficient to form a belief about the remaining allegations of this paragraph, and therefore deny them.

29.     The BP Parties state that this paragraph states legal conclusions to which no response is required.  The BP Parties lack knowledge or information sufficient to form a belief about the remaining allegations of this paragraph, and therefore deny them.

30.     The BP Parties deny that Plaintiff is entitled to the relief requested or to any relief whatsoever.  The BP Parties deny the remaining allegations of this paragraph.

31.     The BP Parties deny that Plaintiff is entitled to a jury trial.

The BP Parties deny that Plaintiff is entitled to the relief requested in the Wherefore paragraph or to any relief whatsoever.

## AFFIRMATIVE DEFENSES

The BP Parties raise the following affirmative defenses and other defenses.  Listing a defense herein does not constitute a concession that the BP Parties bear the burden of establishing any element of the claims made by Plaintiff, and for which Plaintiff bears the burden of proof.  Furthermore, pursuant to the CMO, this Answer shall not be deemed to have waived

any defenses under Fed. R. Civ. P. 12 that are not included in this Answer.  The BP Parties specifically reserve the right to amend or supplement their affirmative defenses and this Answer as additional facts concerning their defenses become known to them.

In addition, pursuant to the Court's CMO, all motions prohibited under the CMO are preserved for later filing before any subsequently assigned presiding judge.  The BP Parties therefore reserve the right to file any and all motions, including but not limited to a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), in accordance with the procedures described in the CMO, and this Answer shall not be deemed to have waived the right to file such motions.

## FIRST DEFENSE

The allegations of the Complaint fail to state a claim upon which relief may be granted.

## SECOND DEFENSE

Plaintiff's damages or injuries, if any, were caused by an occurrence and/or accident unforeseeable by the BP Parties.  Plaintiff's alleged damages or injuries, if any, were caused or contributed to by acts and/or omissions that constitute independent, intervening and/or superseding causes for which the BP Parties are not legally responsible and thus Plaintiff is not entitled to recover his alleged damages, if any, from the BP Parties.

## THIRD DEFENSE

In accordance with *Exxon Co., U.S.A. v. Sofec, Inc.*, 517 U.S. 830 (1996), one or more superseding and/or intervening causes—such as a preexisting medical condition or conditions—preclude any finding of liability for damages on the part of the BP Parties.

## FOURTH DEFENSE

The injuries allegedly sustained by Plaintiff occurred as a result of preexisting medical conditions, causes, or injuries which are unrelated to activities of the BP Parties, and the existence of these preexisting or other medical conditions, causes, or injuries are a bar to and/or mitigating factor to any recovery sought herein.

### FIFTH DEFENSE

To the extent the BP Parties are found liable to Plaintiff for any damages or injuries, the BP Parties are entitled to have any reward or recovery mitigated or reduced by the contributory or comparative negligence of other individuals, entities, or vessels, including Plaintiff's own contributory or comparative negligence.

### SIXTH DEFENSE

The BP Parties state that the alleged injuries complained of, if any, were caused by Plaintiff's own negligence and recovery is thus barred.  Alternatively, the BP Parties state that the alleged injuries and damages were caused by the comparative negligence and/or fault of Plaintiff.

### SEVENTH DEFENSE

To the extent that the BP Parties are found liable to Plaintiff for any damages, the BP Parties are entitled to contractual or other indemnity from other parties or entities.

### EIGHTH DEFENSE

To the extent that the BP Parties are found liable to Plaintiff for any damages, the BP Parties are entitled to contribution from other parties or entities.

### NINTH DEFENSE

To the extent that the BP Parties are found liable to Plaintiff for any damages, the BP Parties are entitled to a set-off or other equitable reduction in liability for any compensation paid by the BP Parties or other parties or entities.

## TENTH DEFENSE

Plaintiff's damages are barred, in whole or in part, by a failure to mitigate damages.

## ELEVENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the MSA, including to the extent that Plaintiff seeks damages not authorized by the MSA.

## TWELFTH DEFENSE

Under the terms of the MSA, if Plaintiff has sought compensation for his alleged condition pursuant to workers' compensation law, as applicable, Plaintiff is barred from seeking compensation from the BP Parties in any other manner, including a BELO lawsuit.

## THIRTEENTH DEFENSE

Maritime law preempts all state law claims that are or may be asserted in this action.

## FOURTEENTH DEFENSE

The BP Parties may be held liable only for damages resulting from their own conduct and may not be held liable derivatively for the conduct of any other entity.

## FIFTEENTH DEFENSE

The BP Parties cannot be held liable for damages resulting from or caused by the BP Parties' subcontractors or other parties, as the actions of independent contractors cannot be imputed to the BP Parties.

## SIXTEENTH DEFENSE

The BP Parties cannot be held liable for any damages resulting from or caused by actions taken pursuant to federal, state, or local government control, direction, delegation, or authorization.

## SEVENTEENTH DEFENSE

The BP Parties may not be held liable for any damages resulting from or caused by the actions of any BP Parties to the extent such damages were exacerbated by federal, state, or local government actions.

## EIGHTEENTH DEFENSE

The BP Parties state that, at all times relevant, they complied with applicable laws, regulations, standards, as well as with any directions/instructions of the Unified Command, and that its actions were consistent with the National Contingency Plan.

## NINETEENTH DEFENSE

Non-maritime law claims asserted in this Complaint, if any, are barred under the doctrines of claim or issue preclusion (res judicata or collateral estoppel) or law of the case.

## TWENTIETH DEFENSE

To the extent the BP Parties are found liable to Plaintiff for any damages or injuries, the BP Parties are entitled to have any reward or recovery mitigated or reduced by any prior payment to and/or release of liability from Plaintiff who received funds through the BP claims process, the Gulf Coast Claims Facility, or the claims process to be conducted under any settlement agreement.  Furthermore, any settled claims accompanied by any sort of releases of rights against the BP Parties may no longer be maintained and are defined to fall outside of the settlement class.

## TWENTY-FIRST DEFENSE

Plaintiff's claims are barred by the doctrine of release.

## TWENTY-SECOND DEFENSE

The BP Parties reserve the right to assert any and all affirmative defenses which

discovery proceedings may hereafter reveal to be appropriate.

 Date: March 21, 2022                              Respectfully submitted,

                                          */s/ Scott Seiler*
                                          Scott C. Seiler (Bar #19784)
                                          Devin C. Reid (Bar #32645)
                                          LISKOW & LEWIS
                                          701 Poydras Street, Suite 5000
                                          New Orleans, LA 70139
                                          Telephone: (504) 581-7979
                                          Telefax: (504) 556-4108

                                          */s/ Kevin M. Hodges*
                                          Kevin M. Hodges
                                          WILLIAMS & CONNOLLY LLP
                                          725 Twelfth Street, N.W.
                                          Washington, D.C. 20005
                                          Telephone: (202) 434-5000
                                          Telefax: (202) 434-5029

                                          */s/ Catherine Pyune McEldowney*
                                          Catherine Pyune McEldowney
                                          MARON MARVEL BRADLEY ANDERSON &
                                          TARDY LLC
                                          1201 North Market Street, Suite 900
                                          Wilmington, DE 19801
                                          Telephone: (302) 425-5177
                                          Telefax: (302) 425-0180

                                          */s/ Georgia L. Lucier*
                                          Georgia L. Lucier
                                          HUNTON ANDREWS KURTH LLP
                                          600 Travis Street, Suite 4200
                                          Houston, TX 77002
                                          Telephone: (713) 220-4200
                                          Telefax: (713) 220-4285

***ATTORNEYS FOR BP EXPLORATION & PRODUCTION INC.***
***AND BP AMERICA PRODUCTION COMPANY***

10

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on March 21, 2022, the above and foregoing pleading was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System.  Notice of this filing will be sent to all counsel of record registered to receive electronic service by operation of the court's electronic filing system.

<u>*/s/ Scott Seiler*</u>
Scott Seiler